IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **VINCENT LAMPKIN,** | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO. 11-00138-KD-B |
| **JAMES MULLINS,** | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

Vincent Lampkin, a state inmate in the custody of Respondent, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). This action has been referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The state record is adequate to determine Petitioner's claims; thus, no federal evidentiary hearing is required. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Upon careful consideration, it is recommended that this action be dismissed as time-barred.

**I.   FACTUAL FINDINGS**

Lampkin was indicted by a Houston County grand jury on April 9, 1991 for intentional murder. Following a jury trial, Lampkin was convicted of intentional murder in violation of Ala.

Code § 13A-6-2, and was sentenced to ninety-nine years imprisonment on February 19, 2003. (Doc. 12-3). Lampkin filed an appeal, and on September 26, 2003, the Alabama Court of Criminal Appeals affirmed his conviction. Lampkin v. State, 890 So. 2d 202 (Ala. Crim. App. Sept. 26, 2003). Lampkin filed a writ of certiorari petition with the Alabama Supreme Court. It was denied on April 16, 2004, and a certificate of final judgment issued that same day. (Doc. 12-4).

On March 2, 2010, Lampkin filed a Rule 32 petition with the trial court. Lampkin argued that the trial court was without jurisdiction to impose the sentence because the jury instructions as a whole denied him a fair trial. (Doc. 12-6). The Government filed a response in opposition and argued that Lampkin's petition should be dismissed on the grounds that it was time-barred, procedurally defaulted and without merit. Subsequent thereto, the trial court denied Lampkin's Rule 32 petition[1]. (Doc. 12-7). On July 9, 2010, the Alabama Court of Criminal Appeals affirmed the trial court's summary dismissal of

---

[1]  It is not clear the date on which the trial court issued its order denying Lampkin's Rule 32 petition.  Lampkin provides one date in his instant petition whereas the Alabama Court of Criminal Appeals listed a different date in its order affirming the trial court's dismissal. The discrepancy is not fatal given the undisputed evidence that a Certificate of Final Judgment was issued on August 18, 2010 following the decision of the Alabama Court of Criminal Appeals affirming the dismissal of Lampkin's Rule 32 petition.

Lampkin's Rule 32 petition. <u>Lampkin v. State</u>, CR-09-0820, 2010 Ala. Crim. App. LEXIS 1855 (July 9, 2010). A Certificate of Final Judgment issued on August 18, 2010. (Doc. 12-9).

Lampkin filed the instant § 2254 petition on March 17, 2011. (Doc. 12). He attacks his January 14, 2003 conviction and sentence, and raises the following claims: (1) his rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated because the trial court shifted the burden of proof by instructing the jury to weigh whether the Petitioner qualified for a presumption of innocence; and (2) trial counsel was ineffective because he failed to investigate, failed to object to the trial court's instructions, and failed to make a proper motion of judgment of acquittal based on reasonable doubt. (Doc. 1 at 3-16). In its Answer, the Respondent asserts that one of Lampkin's claims was not exhausted, that the claims were procedurally defaulted, and that they were time-barred. (Doc. 12). For the reasons set forth herein, the undersigned recommends that the Lampkin's petition be dismissed because it is barred by the one-year statute of limitations.

**II. ANALYSIS**

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a

3

state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review."  The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of:
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

As noted above, the AEDPA imposes a one-year limitations period on § 2254 actions and includes one of several commencement dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Pugh v. Smith, 465 F.3d 1295, 1298 (11th Cir. 2006). In this case, there is no dispute that following denial of Lampkin's writ of certiorari petition by the Alabama Supreme Court, a Certificate of Judgment issued on April 16, 2004. Under established law, Lampkin's conviction became final when the time for him to seek review before the United States Supreme Court expired. See Coates v. Byrd, 211 F.3d 1225, 1226-1227 (11th Cir. 2000). Here, Lampkin does not assert, and the record does not reflect that he sought review before the United States Supreme Court; thus, his conviction became final on July 16, 2004, which was when the ninety days for him to petition the United States Supreme Court expired. Accordingly, the statute of limitations for Lampkin to file a federal habeas petition began running on July 16, 2004, and expired one year later, on July 16, 2005, in the absence of a tolling event.

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. See In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006).  Although Lampkin filed a

5

Rule 32 petition with the state court, it was not pending during the running of the AEDPA limitation period. The law is clear that "[E]ven 'properly filed' state court-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); see also Tinker v. Moore, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001)("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)("While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.")(citation omitted). Because the AEDPA limitations period had already expired by the time Lampkin filed his Rule 32 petition in 2010, it had no tolling effect. Thus, Lumpkin's federal habeas petition, which was filed nearly five years after the July 16, 2005 deadline, was untimely.

Before recommending dismissal of Lampkin's habeas petition as untimely, the undersigned must determine whether Lampkin has pled extraordinary circumstances which require a contrary conclusion. The Eleventh Circuit has stated that:

6

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik [v. United States], 177 F.3d [1269,] 1271 [(11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Holland v. Florida, 560 U.S.__, 130 S.Ct. 2549, 2560, 2562, 177 L.Ed.2d 130 (2010) ("§2244(d) is subject to equitable tolling in appropriate cases[,] . . . . We have previously made clear that a 'petitioner' is entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."); Diaz v. Sec'y for the Dept. of Corr., 362 F.3d 698 (11th Cir. 2004); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)(" equitable tolling is proper only when the principles of equity would make [the] rigid application [of a limitation period] unfair.... [g]enerally, this will occur when the petitioner has in some extraordinary way...been prevented from asserting his or her rights....[t]he petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims.... [m]ere excusable neglect is not sufficient."). Moreover, in the Eleventh Circuit, as a general rule, "the

7

"extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Sec'y of Dep't of Corr., 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Dep't of Corr., 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In this case, Lampkin has failed to establish a basis for equitable tolling of the statutory limitations period. Aside from asserting that he is proceeding pro se, Lampkin has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. He has also failed to allege, let alone offer any evidence that suggests that he is innocent. Where Respondent has asserted the defense of statute of limitations and the Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of AEDPA's limitations period, the undersigned must recommend that this case be dismissed as time-barred. Accordingly, the undersigned finds that because Lampkin has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, his federal habeas

petition should be dismissed as time-barred, and judgment should be entered in favor of Respondent.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L.Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a

different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.").

In the instant action, Lampkin's claims are clearly time-barred, and he has failed to present extraordinary circumstances beyond his control which prevented him from filing this action in a timely manner. Steed, 219 F.3d at 1300. He has also failed to make a sufficient showing of "actual innocence" of the charge for which he was convicted. Schlup, 513 U.S. at 327. Thus, under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Lampkin should be allowed to proceed further. Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether the Lampkin's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

## IV. CONCLUSION

For the reasons set forth above, the undersigned recommends that the Court dismiss Lampkin's petition as untimely, and find

that he is not entitled to a certificate of appealability, and is not entitled to proceed in forma pauperis[2] on appeal.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the **2nd** day of **July, 2012.**

　　　　　　　　　　　　　　　　　　/s/ SONJA F. BIVINS　　
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

---

[2]  An in forma pauperis action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **2nd** day of **July, 2012**.

                                                       /s/ SONJA F. BIVINS
                                             **UNITED STATES MAGISTRATE JUDGE**